# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| --- | --- | --- |
| v. | : | DATE FILED: September 13, 2018 |
| ARTAVIUS HORNE,<br>a/k/a "Lo" | : | VIOLATIONS:<br>18 U.S.C. § 1591 |
| | : | (sex trafficking -- 3 counts)<br>18 U.S.C. § 1594(a) (attempt) |
| | : | Notice of forfeiture |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. At all times material to this indictment, defendant ARTAVIUS HORNE, a/k/a "Lo," operated a prostitution venture in Philadelphia, Pennsylvania and elsewhere.

2. As part of this venture, defendant ARTAVIUS HORNE, a/k/a "Lo," recruited young females to work as prostitutes for him. One of the females recruited and who worked for the defendant, Minor 1, whose name is known to the grand jury, was under the age of 14 years when she started working for defendant ARTAVIUS HORNE and was under the age of 18 for the duration of the time she worked for defendant ARTAVIUS HORNE. Two of the females recruited and who worked for the defendant, Minor 2 and Minor 3, whose names are known to the grand jury, were under the age of 18 years.

3. As part of this venture, Internet advertisements were created in which defendant ARTAVIUS HORNE, a/k/a "Lo," advertised various females as available for purchase for purposes of prostitution. These advertisements featured pictures of the females, either

1

scantily clad or partially nude, a description of each female, and provided a phone number to call to arrange a meeting with the females.

4. Between on or about September 2013, through on or about February 2018, in the Eastern District of Pennsylvania and elsewhere, defendant

**ARTAVIUS HORNE,**
a/k/a "Lo,"

in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained Minor 1, whose identity is known to the grand jury, and benefitted financially from participation in a venture which engaged in the knowing recruitment, enticement, harboring, transporting, providing, obtaining, and maintaining of Minor 1, and attempted to do so. At the time that defendant ARTAVIUS HORNE did this, he knew and acted in reckless disregard of the fact that that Minor 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act. At the time that defendant ARTAVIUS HORNE recruited, enticed, harbored, transported, provided, obtained and maintained Minor 1, he had a reasonable opportunity to observe Minor 1, who was ages 13 to 17 in the relevant time period.

In violation of Title 18, United States Code, Sections 1591 and 1594(a).

# COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    The allegations of Paragraphs 1 through 3 of Count One are incorporated by reference.

    2.    Between on or about September 2013 and September 29, 2015, in the Eastern District of Pennsylvania and elsewhere, defendant

**ARTAVIUS HORNE,**
**a/k/a "Lo,"**

in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained Minor 2, whose identity is known to the grand jury, and benefitted financially from participation in a venture which engaged in the knowing recruitment, enticement, harboring, transporting, providing, obtaining, and maintaining of Minor 2, and attempted to do so. At the time that defendant ARTAVIUS HORNE did this, he knew and acted in reckless disregard of the fact that that Minor 2 had not attained the age of 18 years and would be caused to engage in a commercial sex act. At the time that defendant ARTAVIUS HORNE recruited, enticed, harbored, transported, provided, obtained and maintained Minor 2, he had a reasonable opportunity to observe Minor 2.

    In violation of Title 18, United States Code, Sections 1591 and 1594(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

3. The allegations of Paragraphs 1 through 3 of Count One are incorporated by reference.

4. Between on or about January 2015 and December 2015, in the Eastern District of Pennsylvania and elsewhere, defendant

**ARTAVIUS HORNE,
a/k/a "Lo,"**

in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, and maintained Minor 3, whose identity is known to the grand jury, and benefitted financially from participation in a venture which engaged in the knowing recruitment, enticement, harboring, transporting, providing, obtaining, and maintaining of Minor 3, and attempted to do so. At the time that defendant ARTAVIUS HORNE did this, he knew and acted in reckless disregard of the fact that that Minor 3 had not attained the age of 18 years and would be caused to engage in a commercial sex act. At the time that defendant ARTAVIUS HORNE recruited, enticed, harbored, transported, provided, obtained and maintained Minor 3, he had a reasonable opportunity to observe Minor 3.

In violation of Title 18, United States Code, Sections 1591 and 1594(a).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 1591, and 1594 set forth in this Indictment, defendant

**ARTAVIUS HORNE,**
**a/k/a "Lo"**

shall forfeit to the United States of America:

(a) any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of such violation;

(b) any property, real or personal, used or intended to be used to commit or to promote the commission of such violation; and

(c) any visual depiction described in Title 18, United States Code, Sections 2251 and 2256, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received as a result of such violation.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853, to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 1594(d) and (e) and Title 28, United States Code, Section 2461(c).

**A TRUE BILL:**

_____
**FOREPERSON**

_____
**WILLIAM M. McSWAIN**
**United States Attorney**