IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| V. | : | No. 2:18-cr-00392-GJP-1 |
| | : | |
| ARTAVIUS HORNE | : | |

Order

AND NOW, this _____ day of _____, 2018, upon consideration of Defendant Horne's Motion for Early Production of *Jencks* Material And Timely Disclosure of *Brady/Giglio Material*, the memorandum in support thereof, the government's response thereto, and the entire record in this matter, it is hereby ORDERED and DECREED that said Motion is Granted. It is further ORDERED that the Government is required to provide early disclosure of *Jencks* material on or before _____ and all *Brady/Giglio* material be disclosed immediately.

By the Court:

_____
HON. GERALD J. PAPPERT
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| V. | : | No. 2:18-cr-00392-GJP-1 |
| | : | |
| | : | |
| ARTAVIUS HORNE | : | |

Motion for Early Disclosure of *Jencks* Material
And Timely Disclosure of *Brady/Giglio* Material

COMES NOW, Artavius Horne, defendant, by and through his attorney, Coley O. Reynolds, Esquire, moving for an Order requiring the Government to provide all Jencks materials within 30 days of trial and all Brady/Giglio materials immediately. In support of this motion, Horne files the attached memoranda of law.

                Respectfully Submitted,

                _/s/__Coley O. Reynolds___
                Coley O. Reynolds, Esquire
                Counsel for Defendant Artavius Horne

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | : No. 2:18-cr-00392-GJP-1 |
| | : |
| ARTAVIUS HORNE | : |

Memorandum of Law in Support of Defendant's
Motion for Early Disclosure of Jencks Material
And Timely Disclosure of *Brady/Giglio* Material

Early disclosure of Brady/Giglio and Jencks should be a matter of routine practice by the government in order to insure that a defendant has an adequate opportunity to prepare his or her defense. See The American Bar Association Standards for Criminal Justice, § 11-2.2 (The Prosecution Function) (1980).

The defense has not yet received discovery. Since the trial in this matter is scheduled for November 26, 2018, investigation and preparation for trial is truly a daunting task. In order for the defense to be prepared, all Brady/Giglio material should be disclosed immediately, and all Jencks material should be disclosed within one month of trial.

In this case, even though there may be a question concerning the identity of the government's witnesses, there are no safety considerations which would support a government request for late disclosure of Jencks. Rather, the only reason for late disclosure in this case is to provide the government with a strategic advantage.

I.  Early Disclosure of Jencks Material

Jencks Act material should be provided to the defense so as to furnish Mr. Horne with sufficient time to examine and utilize this material in a meaningful manner before and during trial. United States v. Holmes, 722 F.2d 37, 40 (4th Cir. 1983). What that means in terms of timing depends on the specific facts and circumstances of the case. It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the timing provisions set forth in the Act and in Rule 26.2. See United States v. Snell, 899 F. Supp. 17, 24 (D. Mass. 1995) ("nothing in the statute [] pre-empts the court's ability, consistent with its obligations over case management, to order earlier disclosure than required by the Act."). Indeed, Rule 26.2, unlike its predecessor the Jencks Act, contains no language explicitly precluding the disclosure of witness statements prior to trial. Compare Fed. R. Crim. P. 26.2 with 18 U.S.C. § 3500(a).

The Rule also provides that the court may make an accommodation, upon request by accused's counsel, so that counsel is provided adequate time to make use of *Jencks* material. Fed. R. Crim. P. 26.2(d). That section states "[u]pon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial."

The prosecution should disclose *Jencks* material to defense counsel as soon as

practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial but also serve the public interest in expediting the fair resolution of criminal cases. See ABA Standards for Criminal Justice, § 11-2.2; see, e.g., United States v. Tarantino, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988); United States v. Hinton, 631 F.2d 769, 782 (D.C. Cir. 1980); United States v. Poindexter, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

In order to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to the defendants, the defense will require obtaining the *Jencks* material well before the jury is sworn. See United States v. Holmes, 722 F.2d 37, 41 (4th Cir. 1983) (Noting that providing materials one day before trial began did not "afford[] a reasonable opportunity to examine and digest" the documents.). Given that this trial is expected to take at least a week, the recesses which will be required by defense counsel will substantially delay what promises to be an already protracted proceeding. In addition to the obvious adverse impact on the court's calendar, such delays will unfairly prejudice the defendants' Fifth and Sixth Amendment rights because they and their counsel will be viewed by the jury as responsible for the delays and for the overall length of the trial.

The remedy is obvious. The Third Circuit has endorsed and encouraged the government's routine practice of disclosing *Jencks* material prior to trial. United States v. Murphy, 569 F.2d 771 (3rd Cir. 1978); United States v. Hill, 976 F.2d 132 (3rd Cir. 1992); United States v. Johnson, -- F.Supp. 3d – , 2016 W.L. 6433176 (D.C.

3

W.D. PA, October 31, 2016). Here, the Court should order early production consistent with the above cases.

II. Timely Disclosure of *Brady/Giglio* Material

Unlike our request for early disclosure of *Jencks* material,(1) this request is merely for timely disclosure of *Brady/Giglio* material because such material is to be turned over at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case. See United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (Noting that Brady information which will require defense investigation or more extensive defense preparation should be disclosed at an early stage of the case).

The government's only possible basis for resisting both early disclosure of *Jencks* and timely disclosure of *Brady/Giglio* is to claim that such disclosure will pose a threat to the government's witnesses. Initially, any potential threat to witnesses is speculative at best and is far outweighed by the defendants' right to a fair trial. Here, neither the defendant nor defense counsel is aware of any potential risk posed by the disclosure of this information, other than the risk that the defense will have an opportunity to investigate these witnesses and conduct a more thorough cross-examination. There are no allegations of violence against the defendants. To the extent that any threat exists, the government should be required to demonstrate on a case by case basis the threat to a particular witness before the court issues a blanket order with regard to every witness.

Accordingly, in order to afford the defendants a meaningful opportunity to contest the charges against them by confronting his accusers with the effective assistance of counsel in a fashion which will not jeopardize his standing before the jury, the defendants request that the government be ordered to disclose all *Brady/Giglio* material to defendant's counsel immediately, and all *Jencks* material within thirty (30) days of the trial.

Respectfully Submitted,

\_/s/\_\_Coley O. Reynolds\_\_\_
Coley O. Reynolds, Esquire
Counsel for Defendant Artavius Horne

Certificate of Service

    I, Coley O. Reynolds, Esquire, counsel for Artavius Horne, the defendant, hereby certify a true and correct copy of the attached Motion has been served upon the following:

Melanie Babb Wilmoth, Esquire
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street
Philadelphia, PA 19106
*(Via ECF and email)*

Dated: October 16, 2018      */s/ Coley O. Reynolds*
                                                  Coley O. Reynolds, Esquire